NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000794
23-AUG-2012
07:56 AM**

CAAP NO. 11-0000794

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRIAN A. JONES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Case No. 1DTA-10-05325)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)


Defendant-Appellant Brian A. Jones (Jones) appeals from the Judgment filed on October 4, 2011, in the District Court of the First Circuit (District Court).[1] Jones was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2011). After a bench trial, he was found guilty of OVUII, in violation of HRS § 291E-61(a)(1) and HRS § 291E-61(a)(3).

On appeal, Jones argues that the District Court: (1) erred in denying his written and oral pretrial motions to dismiss the OVUII charge as deficient for failure to allege a mens rea, namely, that he committed the offense intentionally, knowingly, or recklessly; and (2) violated his right to testify by failing

_____

[1] The Honorable Blake T. Okimoto presided.

to properly advise him of that right pursuant to <u>Tachibana v. State</u>, 79 Hawai'i 226, 900 P.2d 1293 (1995). For the reasons explained below, we vacate Jones's conviction and remand the case for further proceedings.

I.

We resolve the arguments Jones raises on appeal as follows:

1. Based on the Hawai'i Supreme Court's decision in <u>State v. Nesmith</u>, 127 Hawai'i 48, 61, 276 P.3d 617, 630 (2012), we conclude that the complaint was sufficient to charge OVUII in violation of HRS § 291E-61(a)(3), but was insufficient to charge OVUII in violation of HRS § 291E-61(a)(1). Thus, Plaintiff-Appellee State of Hawai'i (State) was entitled to proceed to trial on the HRS § 291E-61(a)(3) violation.

2. The State acknowledges that the District Court's colloquy at the end of trial was deficient in that there was no colloquy at the end of trial in which the District Court advised Jones of his <u>Tachibana</u> rights. We agree with the State's assessment that the District Court erred in failing to conduct a colloquy as required by <u>Tachibana</u>. The State, however, argues that the District Court's violation of <u>Tachibana</u> was harmless error. We are not persuaded by the State's harmless error argument. <u>See</u> <u>State v. Hoang</u>, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000) (concluding in a case involving <u>Tachibana</u> error that "it is inherently difficult . . . to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case"). Accordingly, we vacate Jones's OVUII conviction.

II.

Based on the foregoing analysis, we vacate the October 4, 2011, Judgment of the District Court, and we remand

2

the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, August 23, 2012.

On the briefs:

Cheryl Ann Miyamoto
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge